Brooke, J.
I concurred in the opinions of the president and judge Carr in Butcher v. Hixton, solely on the ground, that the acknowledgment of Hart, the principal in the note in that case, could not be considered as a waiver of the statute of limitations by Butcher, the surety. I did not think it material to decide any other point made in the argument. Even in an action of assumpsit, such an acknowledgment by the principal, would not have been considered as a waiver of the statute by the surety. The vacillating decisions of the english judges on this subject are very much to be regretted; and it would be better that the legislature should interpose, and restore the statute to its original object, by an enactment that would exclude every species of acknowledgment of promise, not made in writing. If the acknowledgment stated in the demurrer to evidence in Butcher v. Hixton had been by Hart and Butcher, jointly, it would not have repelled the statute. It was a mere acknowledgment that the debt was justly due : but, as is said by chief justice Marshall in Clementson v. Williams, this would not be enough, as the statute was not enacted to protect persons from claims fictitious in their origin, but from *609 antient claims, whether well or ill founded. The acknowledgment in Butcher v. Hixton, being defective in two respects, as a waiver of the statute, it was unnecessary to decide the question, whether it was within the issue in that case. My impression is, that if the acknowledgment had been made by Hart and Butcher both, it would have been within the issue of debt or no debt, which is the issue on the plea of nil debet. The cases on this subject are collected in Blanchard’s treatise on limitations, pp. 128-140.
As to the case now before us, the caso of Wetzell v. Bussard, in the supreme court of the U. States, is conclusive. In that case as in this, the acknowledgment was conditional, and it was held that the plaintiff ought to prove performance or readiness to perform the condition, else it was unavailing to repel the statute. Here, no such performance of the condition has been shewn. I think the judgement must he affirmed.
Tucker, P. Though I think it very clear that the judgement in this ease must be affirmed, without relying on the opinions expressed by a part of the court iu the case of Butcher v. Hixton, yet I think it proper to remark as to that case, 1st, That it is not conceived to go farther than to establish the necessity of bringing assumpsit, or adding a count on indebitatus assumpsit to the declaration in debt, where reliance is to be placed upon an acknowledgment or promise to avoid the bar of the statute of limitations.— 2ndly, That however technical this may seem, yet, similar technicalities are to be found in innumerable decisions of this court, and are necessary indeed to preserve distinct the lino of demarcation between different actions, and to prevent the whole system of pleading from being thrown into chaos: see Cooke v. Sims, 2 Call 39. Young v. Gregorie, 3 Id. 446. Taylor v. Rainbow, 2 Hen. & Munf. 423. Moore v. Dawney, 3 Id. 127. Smith v. Segar, Id. 394. Syme v. Griffin, 4 Id. 277. Kirtley v. Deck, 2 Munf. 10. Wilson v. Crowdhill, Id. 302. Hall v. Smith, 3 Id. 550. Sexton v. *610 Holmes, Id. 566. Beverley v. Holmes, 4 Id. 95. Donaghe v. Rankin, Id. 261. Moseley v. Jones, 5 Id. 23.—3rdly, That no serious inconvenience can be sustained, even in causes now pending, since in every case, upon motion, a secon(j count ¡n debt upon the new promise or acknowledgment, or a count in indebitatus assumpsit, may be added for the amendment of the declaration.—4thly, and lastly, That by considering the promise or acknowledgment as a new promise, it binds none but the promiser, and thus avoids the unreasonable principle, that after the liability of the surety in a note, is completely taken away by the statute, it shall be restored to its full force against him, by the acknowledgment or promise of the principal alone; Whitcomb v. Whiting, 2 Doug. 652. which though questioned in Atkins’s ex’ors v. Tredgold, 2 Barn. & Cress. 23. 9 Eng. C. L. R. 12. seems to have been since approved by some judges; Perham v. Raynal, 2 Bing. 306. 9 Eng. C. L. R. 413.
With respect to this case I have no doubt. Where the plaintiff relies on a conditional promise to take the debt out of the statute, he must shew the condition performed, before be can avail himself of the promise. This position is sustained by many authorities; and though in some, the condition insisted on does not appear to me, to be, properly speaking, any condition at all, yet where, as in this case, there is a real and not a mere nominal condition, the principle seems to be unquestionable. Thus although a promise “to pay ■when I am able,” involves no real condition, and should therefore be taken to be a promise to pay absolutely, yet a promise to pay “ if a collateral security should be first resorted to and prove deficient,” is, to every intent and purpose, a conditional promise, and must be performed, before the party can be charged.
But it is said that this promise having been made before the expiration of the five years, the party was then bound, and had no right to clog the promise of payment with a condition. This would have been very true, had the suit been brought within the five years. But when after the lapse of *611 five years, it became necessary for the plaintiff to lay hold of this promise, he must take it as he finds it: he must take it altogether; lie cannot garble it. He may renounce it altogether or lie may take it altogether; but it would be with-oat example to permit him to take as much as w'ould suit liis purpose, and reject the rest.
The case of Hyeling v. Hastings, 1 Ld. Raym. 389. 421. justifies, I think, no such position. The remarks of lord Holt, when the case was first before the court, leaned that way: but on the final judgement, the court said, “Prove your debt arid I will pay you, is as strong as an express promise, after the condition is performed ; viz. the proof of the debt, which ought to be done in evidence upon the indebitatus assumpsit.” As to the case of Scales v. Jacob, 3 Bing. 638. 13 Eng. C. L. R. 85. the court was divided on this point. It furnishes, therefore, tio barrier to the free exercise of the judgement upon the question; and as I have already said, my mind is perfectly satisfied, that no conditional promise can take a debt out of the statute, unless the condition be performed ; and even when performed, it must be considered as a new promise, and not as the old debt, since the old debt was unclogged by the condition. The two contracts are radically and essentially different in this, that the one is conditional, the other without condition.
Judgement affirmed.